UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 97-4339

LEROY GARDNER, a/k/a Chris Alex
Steward,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
G. Ross Anderson, Jr., District Judge.
(CR-96-15)

Submitted: May 19, 1998

Decided: June 26, 1998

Before LUTTIG and MOTZ, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Landon Dwight Long, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant. Marshall Prince, OFFICE OF THE
UNITED STATES ATTORNEY, Columbia, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Leroy Gardner appeals his conviction and sentence for his role in a conspiracy to possess with the intent to distribute cocaine and cocaine base in the form of crack cocaine. See 21 U.S.C. §§ 841(a)(1) & 846 (1994). Gardner noted a timely appeal and his attorney filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), in which he represents that there are no arguable issues of merit in this appeal. Nonetheless, counsel presented this court with two nascent issues. The time for filing a supplemental brief has passed and Gardner has not responded. Because we find each claim raised by counsel to be without merit and can discern no other error in the record on appeal, we affirm Gardner's conviction and sentence.

Gardner contends that the district court improperly conducted the Rule 11 hearing in accepting his guilty plea. "In reviewing the adequacy of compliance with Rule 11, this Court should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Moreover, any Rule 11 violation would be evaluated under the harmless error standard. See Fed. R. Crim. P. 11(h); see also DeFusco, 949 F.2d at 117. As a result, this court may vacate a conviction resulting from a guilty "plea only if the trial court's violations of Rule 11 affected the defendant's substantial rights." DeFusco, 949 F.2d at 117.

In this case, the district court conducted a thorough hearing, insuring that Gardner understood the rights that he would forego by pleading guilty, the elements of the charge to which he was pleading guilty, the penalties he faced, the effect of supervised release, the impact of the sentencing guidelines, and the effect of the plea agreement. Further, the court ascertained that Gardener's plea was voluntary and that a factual basis existed for his plea. We find that the district court fully

2

complied with Rule 11 and that this claim is without merit. See id. at 116-17.

Gardner's attorney next raises as a potential claim that the district court erroneously applied the sentencing guidelines or otherwise imposed sentence in violation of law. However, Gardner's failure to object during sentencing amounts to a waiver of his right to raise that issue on appeal absent plain error. See United States v. Ford, 88 F.3d 1350, 1355 (4th Cir.), cert. denied, 65 U.S.L.W. 3369 (U.S. Nov. 18, 1996) (No. 96-6379). There is no evidence of error of that magnitude in the record which would warrant our review of Gardner's sentence.

As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and conclude that there are no non-frivolous grounds for this appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for writ of certiorari. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3